*Ganzhi v. Holder*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of May, two thousand ten.

PRESENT:

> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges.*

---

WALTER EDUARDO GANZHI,
> *Petitioner*,

    v.

ERIC H. HOLDER, JR., Attorney General of the United States,
> *Respondent*.*

---

09-2313-ag
Summary Order

Nancy E. Martin, Collins & Martin, P.C., Wethersfield, CT, *for Petitioner*.

Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation (Tony West, Assistant Attorney General, Civil Division, and Mark C. Walters, Senior Litigation Counsel, *on the*

---

* The Clerk of the Court is directed to amend the official caption to conform to the listing of the parties stated above.

*brief*) United States Department of Justice, *for Respondent.*

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Walter Eduardo Ganzhi, a native and citizen of Ecuador, seeks review of a May 5, 2009 order of the BIA affirming the October 24, 2007 decision of Immigration Judge ("IJ") Philip J. Montante, Jr., ordering Ganzhi "removed and deported" as an alien who had been convicted of an aggravated felony. *See In re Walter Ganzhi*, No. A075 920 641 (B.I.A. May 5, 2009), *aff'g* No. A075 920 641 (Immig. Ct. Buffalo, N.Y. Oct. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Any alien who has been convicted of an "aggravated felony" at any time after he has been admitted to the United States is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii); *see also Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 165 (2d Cir. 2006). "As a rule, federal courts lack jurisdiction to review final agency orders of removal based on an alien's conviction for certain crimes, including aggravated felonies." *Vargas-Sarmiento*, 448 F.3d at 164 *(*citing 8 U.S.C. § 1252(a)(2)(C)). Courts of appeals retain jurisdiction, however, to review an order of removal insofar as the petition for review of such an order raises "constitutional claims or questions of law." *Id.* (citing 8 U.S.C. § 1252(a)(2)(D)).

Where, as here, the BIA adopts the IJ's reasoning and offers additional commentary, we review the decision of the IJ as supplemented by the BIA. *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2005). We review the IJ's and BIA's determinations of law *de novo*, *Bah v. Mukasey*, 529 F.3d

2

99, 110 (2d Cir. 2008), according *Chevron* deference to the BIA's construction of the Immigration and Nationality Act ("INA"), but not to its interpretation of state or federal criminal laws, *Vargas-Sarmiento*, 448 F.3d at 165.

The INA defines "aggravated felony" to include "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). "[T]he language of the statute yields no clear evidence . . . of congressional intent as to the scope of th[at] phrase . . . so the BIA has invoke[d] . . . as a guide the broad definition of sexual abuse of a minor in 18 U.S.C. § 3509(a)." *James v. Mukasey*, 522 F.3d 250, 254 (2d Cir. 2008) (citing *Mugalli v. Ashcroft*, 258 F.3d 52, 56 (2d Cir. 2001); *In re Rodriguez-Rodriguez*, 22 I&N Dec. 991, 995-96 (B.I.A. 1999)) (internal citation and quotation marks omitted). Under section 3509:

> "[T]he term 'sexual abuse' includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children"; "sexually explicit conduct" is also defined broadly, to include "actual or simulated . . . sexual intercourse, including sexual contact in the manner of genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or of opposite sex."

*James*, 522 F.3d at 254 (quoting 18 U.S.C. §§ 3509(a)(8), (9)). Meanwhile, the term "child," as used in section 3509, includes persons under the age of eighteen who are victims of sexual abuse. 18 U.S.C. § 3509(a)(2). This Court has found the BIA's adoption of § 3509(a) as the operative definition of sexual abuse to be reasonable and has accorded it *Chevron* deference. *James*, 522 F.3d at 254.

In challenging the BIA's order in his case, Ganzhi's principal contention is that the IJ and BIA erred in finding that the New York state crime of which he was convicted, "sexual misconduct" under New York Penal Law § 130.20(1), qualifies as sexual abuse of a minor. Section 130.20(1)

3

provides that a person is guilty of sexual misconduct when "he or she engages in sexual intercourse with another person without such person's consent." Ganzhi suggests that because a conviction for sexual misconduct under the statute does not require that the victim be under the age of eighteen, his conviction cannot qualify as "sexual abuse of a minor" under the "categorical approach" employed by this Court, pursuant to which "the singular circumstances of an individual petitioner's crimes should not be considered, and only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant." *James*, 522 F.3d at 254 (quoting *Dalton v. Ashcroft*, 257 F.3d 200, 204 (2d Cir. 2001)).

Under this Court's "modified categorical approach," however, when "a criminal statute encompasses diverse classes of criminal acts – some of which would categorically be grounds for removal and others of which would not – we have held that such statutes can be considered 'divisible.'" *Dickson v. Ashcroft*, 346 F.3d 44, 48 (2d Cir. 2003). In considering convictions under such statutes, an IJ may "refer[] to the record of conviction for the limited purpose of determining whether the alien's conviction was under the branch of the statute that permits removal." *Id.* at 48-49. "The record of conviction includes, *inter alia*, the charging document, a plea agreement, a verdict or judgment of conviction, a record of the sentence, or a plea colloquy transcript." *Wala*, 511 F.3d at 108 (internal quotation marks omitted).

As Ganzhi acknowledges, New York Penal Law § 130.05 states that, "it is an element of every offense defined in [Article 130] that the sexual act committed was without consent of the victim," N.Y. Penal L. § 130.05(1), and further provides that "[l]ack of consent" for the purposes of Article 130 crimes "results from: (a) [f]orcible compulsion; or (b) *[i]ncapacity to consent*," N.Y. Penal L. § 130.05(2) (emphasis added). "A person is deemed incapable of consent when he or she

4

is," *inter alia*, "(a) *less than seventeen years old*; or (b) mentally disabled; or (c) mentally incapacitated; or (d) physically helpless." N.Y. Penal L. § 130.05(3) (emphasis added).

Although this Court has yet to determine the full range of circumstances in which application of the modified categorical approach is appropriate, *see James*, 522 F.3d at 255, we have "explicitly found statutes divisible . . . where the removable and non-removable offenses . . . are listed in different subsections or comprise discrete elements of a disjunctive list of prescribed conduct," *Dulal-Whiteway v. U.S. Dep't of Homeland Sec.*, 501 F.3d 116, 126 (2d Cir. 2007), *abrogated on other grounds by Nijhawan v. Holder*, 129 S. Ct. 2294 (2009); *see also Dickson*, 346 F.3d at 47-52 (determining, where BIA had found petitioner removable as having committed "a crime of violence," that New York statute of conviction prohibiting unlawful imprisonment was divisible, because a separate definitional section indicated that "restraint" could be accomplished by "(a) physical force, intimidation, or deception," which necessarily carried with it a substantial risk of physical force, or "(b) by any means whatever, including acquiescence of the victim, if he is a child less than sixteen years old or an incompetent person," which did not carry such risk). Accordingly, the IJ and BIA correctly considered section 130.20(1) to be divisible, and properly applied the modified categorical approach in assessing whether Ganzhi had been convicted of an aggravated felony. Moreover, since the criminal information to which Ganzhi pled guilty specifically alleged that "[l]ack of consent was due to the fact that victim is deemed incapable of consent because she is less than 17 years of age," the IJ and BIA properly concluded that Ganzhi's conviction qualified as sexual abuse of a minor under 18 U.S.C. § 3509(a), and therefore that he had been convicted of an aggravated felony that rendered him deportable.

We have considered all of Ganzhi's other arguments and find them to be without merit. For

the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk